United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES OF AMERICA,**

 *Plaintiff,*

v.                 No. 3:16-CV-1359-J-34PDB

**JOYCELYN V. BERRY,**

 *Defendant.*

---

# Report & Recommendation

In this student-loan-default case, the United States moves for default judgment against Joycelyn V. Berry, who has never appeared despite proper service. Doc. 9. Concluding the Court has subject-matter jurisdiction and the United States is entitled to the relief requested, I recommend the Court grant the motion and enter judgment accordingly.

## I. Procedural History

A process server personally served Berry with a summons, the cover sheet, and the complaint. Doc. 6. Berry did not respond, and, upon the United States' motion, the clerk entered default. Doc. 7, Doc. 8. The United States then filed the motion for default judgment now before the Court, along with a proposed final judgment and order closing the case. Doc. 9. The United States requests $11,324.32 ($6429.12 in unpaid principal, $4845.20 in capitalized and accrued interest, and $50 for service-of-process fees), prejudgment interest at an annual rate of 8.25 percent from September 14, 2016, to the judgment date, and post-judgment interest at the statutory rate. Doc. 9 at 2, 4.

## II.     Allegations

The following facts are alleged in the complaint and a certificate of indebtedness attached to it. Docs. 1, 1-1. A loan analyst for the United States Department of Education (DE) certified under penalty of perjury the facts in the certificate are true and correct. Doc. 1-1.

Berry is a Duval County resident. Doc. 1 ¶2. In 2000, she executed a promissory note to borrow $4066.46 from the DE through the William D. Ford Federal Direct Loan Program, Title IV, Part D, of the Higher Education Act of 1965, as amended and codified in 20 U.S.C. § 1087a et seq. Doc. 1-1. The money was dispersed to her. Doc. 1-1. In 2007, despite demand for repayment, she defaulted. Doc. 1-1. Under 34 C.F.R. § 685.202(b), $2362.66 in unpaid interest was capitalized and added it to the principal balance. Doc. 1-1. The DE credited the balance $40—the total of all payments from any source. Doc. 1-1. As of September 14, 2016, she owed $6429.12 in principal and $4845.20 in capitalized and accrued interest, with interest accumulating on the principal at an annual rate of 8.25 percent ($1.45 a day). Doc. 1-1; Doc. 1 ¶3. The United States demanded she pay the debt; she has not. Doc. 1 at ¶4.

## III.     Law Governing Default Judgment

Before obtaining default judgment, a plaintiff must obtain entry of default by showing that the defendant has failed to plead or defend. Fed. R. Civ. P. 55(a). After entry of default, the court or clerk may enter default judgment. Fed. R. Civ. P. 55(b).

By defaulting, the defendant admits the plaintiff's well-pleaded factual allegations in the complaint.[1] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). The court may conduct a hearing to conduct an

---

[1]Federal Rule of Civil Procedure 10(c) provides, "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

accounting, determine the damages amount, establish with evidence the truth of any allegation, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Before entering default judgment, a court must ensure it has subject-matter jurisdiction over the case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have obligation to ensure subject-matter jurisdiction). The court also should ensure the plaintiff properly served the defendant, *see Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982) (improper service renders judgment void), it has personal jurisdiction over the defendant, *see Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012) (lack of personal jurisdiction renders judgment void), and the defendant is not in military service, 50 U.S.C. § 3931. And the Court must ensure the well-pleaded factual allegations state a claim upon which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

IV.   Analysis

A.   *Subject-Matter Jurisdiction*

A district court has original jurisdiction over civil cases by the United States. 28 U.S.C. § 1345. Here, because the United States is the plaintiff, the Court has subject-matter jurisdiction over this case.

B.   *Service of Process*

A plaintiff may serve a defendant in the United States by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Here, a process server personally served the summons and complaint on Berry by delivering copies to her and informing her of their contents. Doc. 6 at 2. The United States properly served the summons and complaint.

### C.     *Personal Jurisdiction*

Serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4(k)(1)(A). Florida circuit courts have personal jurisdiction over Florida residents. *Scott-Lubin v. Lubin*, 49 So. 3d 838, 840 n.1 (Fla. 4th DCA 2010). Here, because Berry is a Florida resident and was properly served, this Court has personal jurisdiction over her.

### D.     *Military Service*

The Servicemembers Civil Relief Act requires a plaintiff seeking default judgment to file an affidavit indicating whether the defendant is in the military or whether the plaintiff cannot determine the defendant's military status. 50 U.S.C. § 3931(b). "The requirement for an affidavit … may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." 50 U.S.C. § 3931(b)(4). Here, the United States' counsel has submitted an affidavit confirming Berry is not in the military. Doc. 7 at 4–7. The United States has complied with the Act's requirements.

### E.     *Established Claim*

For the United States to recover on a promissory note, it must show (1) the defendant signed the note, (2) the United States is the note holder, and (3) the note is in default. *See United States v. Carter*, 506 F. App'x 853, 858 (11th Cir. 2013) (citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)).

Here, the United States' well-pleaded factual allegations state a claim upon which relief may be granted. The complaint and certificate of indebtedness establish that Berry executed a promissory note, the DE is the note holder, and the note is in default. Docs. 1, 1-1. By failing to respond, Berry has admitted those allegations. *See Eagle Hosp. Physicians*, 561 F.3d at 1307. Because they state a claim upon which relief may be granted, the United States is entitled to default judgment.

4

*F.     Damages*

A default judgment "may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*. 605 F.2d 854, 857 (5th Cir. 1979). No hearing is required if "essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

Here, because the essential evidence relating to damages is already before the Court, a hearing is unnecessary. The complaint and certificate of indebtedness establish that Berry owes $6429.12 in unpaid principal and $4845.20 in capitalized and accrued interest as of September 14, 2016. Doc. 1 ¶3; Doc. 1-1. The United States is entitled to prejudgment interest accruing on the unpaid principal since September 15, 2016,[2] through the date of judgment at the rate of 8.25 percent per year ($1.45 per day), Doc. 1 ¶3, plus post-judgment interest from the date of judgment at the rate established by 28 U.S.C. § 1961 (allowing interest from date of entry of money judgment "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding").

*G.     Costs*

Federal Rule of Civil Procedure 54(d)(1) provides costs "should be allowed to the prevailing party" unless federal law or a court order provides otherwise. 28 U.S.C § 1920 limits a district court's discretion under Rule 54(d)(1) by listing the costs a court may tax. *Maris Distr. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Allowable costs include service-of-process fees, 28 U.S.C. §§ 1920(1), 1921(a)(1)(A), by private servers in an amount that does not exceed what United

---

[2]The proposed order states prejudgment interest shall begin to accrue on September 14, 2016, which is the same date through which interest was already calculated. *See* Doc. 9 at 4. If interest was already calculated through that date, additional interest should begin the next day, September 15, 2016.

States Marshals Service charges, *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000), which, for in-person service, is $65 plus travel and other expenses, 28 C.F.R. § 0.114(a)(3).

Here, the United States requests $50 as a fee for "[p]rocess [s]ervice." Doc. 9 at 2. The United States used a private process server. Doc. 6. Because service-of-process fees are recoverable and the requested amount does not exceed what the United States Marshals Service charges, taxation of $50 in costs against Berry is warranted.

## V. Recommendation

I **recommend**:

1. **granting** the motion for default judgment, Doc. 9;

2. **directing** the clerk to enter default judgment in favor of the United States of America and against Joycelyn V. Berry, in the following amounts:

    a. $6429.12 in unpaid principal;

    b. $4845.20 in capitalized and accrued interest as of September 14, 2016;

    c. $50 in costs;

    d. prejudgment interest accruing on the unpaid principal at the rate of 8.25 percent per year ($1.45 per day) beginning on September 15, 2016, through the judgment date; and

    e. post-judgment interest accruing from the date the judgment is entered at the rate established by 28 U.S.C. § 1961; and

3.   **directing** the clerk to close the case.³

**Entered** in Jacksonville, Florida, on January 4, 2017.

                                             PATRICIA D. BARKSDALE
                                             *United States Magistrate Judge*

c:   Counsel of record

     Joycelyn V. Berry
     8749 Hutington Woods Circle North
     Jacksonville, Florida 32244

---

³"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

7